UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY D. AMAKER,

        Plaintiff,

-against-

C.O. R. LIEBERMAN, et al.,
        Defendants.

No. 13-cv-5292(NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

 Plaintiff brings this action alleging violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. § 2000cc et seq. and 42 U.S.C. § 1983. On May 3, 2019, this Court issued an Opinion granting Defendants' motion to dismiss in part and denying it in part. ("May Opinion," ECF No. 128.) The Court also found that the three strikes provision, 28 U.S.C. § 1915(g), of the Prison Litigation Reform Act ("PLRA") applied, revoked Plaintiff's *in forma pauperis* ("IFP") status and required Plaintiff to pay the filing fee in order to proceed with this action.

 Presently before this Court is Plaintiff's motion for reconsideration of the Court's decision to revoke Plaintiff's IFP status under the three strikes provision. (ECF No. 133.) For the following reasons, the motion for reconsideration is DENIED.

## LEGAL STANDARD

 Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, No. 05-CV-3430, 2006 WL 1423785, at *1 (2d Cir. 2006). Motions for reconsideration are governed by Local

1

Civil Rule 6.3, and the standard for granting a motion for reconsideration "is strict." *McCloud v. Perez*, No. 17-CV-1827(AJN)(KNF), 2018 WL 5818103, at *1 (S.D.N.Y. Aug. 17, 2018) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). Indeed, reconsideration will generally be denied " 'unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *Pac. Life Ins. Co. v. Bank of New York Mellon*, No. 17-CV-1388 (KPF), 2018 WL 1871174, at *1 (S.D.N.Y. Apr. 17, 2018) (quoting *Shrader*, 70 F.3d at 257). A motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted). Nor is such a motion "an occasion for repeating old arguments previously rejected . . . ." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted).

Further, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

In effect, Plaintiff argues that the Court should reconsider its decision to revoke Plaintiff's IFP status because (1) strikes on cases filed before the effective date of the PLRA should not count as strikes and because (2) the Court failed to carefully examine the record and only referred to the docket when determining that two of the cases were strikes. Neither of these arguments cause the Court to reconsider its revocation of Plaintiff's IFP status.

First, the Court may consider cases filed before the April 26, 1996 effective date of the PLRA to be strikes if they were dismissed as malicious or frivolous or for failure to state a claim upon which relief could be granted. *See Davis v. Cook*, 4 F. App'x 261, 262 (6th Cir. 2001); *Tierney v. Kupers*, 128 F.3d 1310, 1311 – 12 (9th Cir. 1997); *Green v. Nottingham*, 90 F.3d 415, 419 – 20 (10th Cir. 1996); *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).[1] Therefore, the Court properly considered *Amaker v. McDonnell*, No. 96-CV-2298 (S.D.N.Y.) and *Amaker v. Connelly*, No. 96-CV-2813 (S.D.N.Y.) to be strikes because those cases were dismissed pursuant to 28 U.S.C. § 1915(d) as frivolous.

Second, the Court appropriately considered the record when determining that *Amaker v. Haponik*, No. 02-138 (*see* docket entry for Dec. 20, 2002) and *Amaker v. Goord*, No. 02-227 (*see* docket entry for Feb. 20, 2003) were strikes. According to the Second Circuit, the "courts may rely on docket sheet entries if they indicate with sufficient clarity the grounds for dismissal of the prior suits" when determining whether prior dismissals are strikes for the purposes of § 1915(g). *Harris v. City of New York*, 607 F.3d 18, 20 (2d Cir. 2010). In each of those cases, the docket clearly indicated that Plaintiff's case was dismissed due to lack of "an arguable basis in fact or law" and included a citation to 28 U.S.C. § 1915(e).

Because Plaintiff cannot point to controlling decisions or data that the court overlooked that might reasonably be expected to alter the conclusion reached by the court, his motion for reconsideration is denied.

---

[1] Plaintiff cites to *Ramsey v .Coughlin*, 94 F.3d 71 (2d Cir. 1996) to support the principle that appeals submitted before the enactment of the PLRA were not required to satisfy the PLRA fee provisions. This case is superseded by rule, as stated in *Swatch Grp. Mgmt. Serv. Ltd. V. Bloomberg LP.*, 742 F.3d 17 (2d Cir. 2014) and does not otherwise contain cause for the Court to reconsider its decision. The remaining precedential cases cited to by Plaintiff are not sufficiently related to the three strikes issue decided by the Court and cannot be reasonably expected to alter the Court's conclusion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. Plaintiff must pay the $400.00 filing fee and administrative fees on or before September 12, 2019. If Plaintiff does not timely pay those fees, his Second Amended Complaint will be dismissed without prejudice and the Clerk of the Court will terminate this case.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 133, mail a copy of this Opinion to Plaintiff at his address on the docket, and show proof of service on the docket.

Dated: August 5, 2019　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge